FILED
US BANR COURT CLERK
WEST'N DIST KENTUCKY
11 AUG -5 AM 8:38

# UNITED STATES BANKRUPTCY COURT
## FOR THE
### WESTERN DISTRICT OF KENTUCKY

In Re:                                           )
                                                 )     Case # **02-34592**
                                                 )     Chapter **7**
**CYNTHIA A. REID**                              )
                                                 )
_____Debtor(s)_____          )

## MOTION TO DISBURSE UNCLAIMED FUNDS

Now comes Oak Point Partners, Inc. ("Oak Point"), as successor-in-interest to the Post-Consummation Estate for Conseco Finance Corporation and certain of its debtor affiliates ("Conseco Finance"), to hereby petition the Court to enter an order directing payment of unclaimed funds in the amount of **$6,249.06** being held in the U.S. Treasury, Registry Account for Unclaimed Moneys, (11 U.S.C. § 347). In support of this motion, Applicant respectfully represents as follows:

1) Dividend checks totaling said amount of $6,249.06 were issued by the trustee to Conseco Finance, creditor in the above referenced case ("Creditor").

2) The dividend checks were not negotiated by the creditor. Therefore, the trustee, pursuant to 11 U.S.C. Section 347(a), delivered the unclaimed funds to the Clerk of the U.S. Bankruptcy Court for the Western District of Kentucky. The funds are currently being held in the United States Treasury, Registry Account for Unclaimed Moneys.

3) On December 17, 2002, Conseco Finance filed for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Illinois (Case Number 02-49675).

4) Pursuant to the Debtors' Sixth Amended Joint Liquidating Plan of Reorganization, Bridge Associates LLC was selected as Plan Administrator of Conseco Finance.

5) On May 7, 2010, Mr. David Phelps, on behalf of Bridge Associates, LLC in its capacity as Plan Administrator, sold the rights to substantially all remaining assets of the Conseco Finance, including unclaimed property, to Oak Point (see attached Purchase Agreement and Assignment of Claims and Interests between the Conseco Finance and Oak Point).

6) Applicant has made sufficient inquiry and has no knowledge that this claim has been previously paid, that any other application for this claim is currently pending before this Court, or that any other party other than this Applicant is entitled to submit an application for this claim.

7) I hereby certify that a true and correct copy of the foregoing MOTION TO DISBURSE UNCLAIMED FUNDS, including all attachments was served upon the United States Attorney for the Western District of Kentucky, Bank of Louisville Building, 510 West Broadway, Louisville, Kentucky 40202 via U.S. Mail.

8) Applicant certifies under penalty of perjury that all statements made by Applicant on this motion and any attachments required for this Motion is, to the best of Applicant's knowledge, true and correct.

    Wherefore, the Applicant requests that the court issue an order directing the Clerk to make disbursement of said unclaimed funds held in the Registry Account for Unclaimed Monies for the benefit of the Creditor and made out to:

> Oak Point Partners, Inc.
> 1540 E. Dundee Rd., Suite 240
> Palatine, IL 60074

Respectfully Submitted,

Oak Point Partners, Inc.

Date: __8/3/11__

By: _____
Eric A. Linn, its President

Sworn and Subscribed to, before me

this _3RD_ day of _AUGUST_, 20_11_

County of _COOK_, State of _ILLINOIS_

My Commission Expires: _1/30/2012_

Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2012

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | )  |
|---|---|
| In Re: | ) |
| | ) |
| **CYNTHIA A. REID** | )    Case # **02-34592** |
| | )    Chapter **7** |
| | ) |
| _____ Debtor(s)_ | ) |

## AFFIDAVIT IN SUPPORT OF MOTION FOR PAYMENT
## OF UNCLAIMED FUNDS

*I, ERIC A. LINN, hereby certify that I am President of Oak Point Partners, Inc. ("Oak Point") and that Oak Point is successor in interest to the Post-Consummation Estate for Conseco Finance Corporation and certain of its debtor affiliates ("CFC Trust") through its Purchase Agreement and Assignment of Claims and Interests dated May 7, 2010 between Oak Point and Mr. David Phelps, on behalf of Bridge Associates, LLC, Plan Administrator of the CFC Trust. As such, I am entitled to claim funds held by the court in the name of the CFC Trust and its various affiliates and subsidiaries.*

*In the above referenced case, I hereby certify that I am representing the exclusive owner and that I am entitled to claim the dividend from unclaimed funds for which application has been made. I have made all reasonable efforts required to believe to the best of my knowledge that the CFC Trust is legally entitled to the unclaimed funds referenced in this application and that such dividends are due and owing to Oak Point Partners, Inc., as successor in interest to the CFC Trust.*

Dated: __8/3/11__          By: _Eric A. Linn_____

Eric A. Linn, President, Oak Point Partners, Inc.

Please see attached

**Business Card**                    **Corporate Seal**

*SUBSCRIBED AND SWORN BEFORE ME THIS* __3RD__ *DAY OF* __AUGUST__ *20__11__, TO CERTIFY WITNESS MY HAND AND OFFICIAL SEAL.*

_Dee M Bender_____

*Notary Public In and For*

Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2012

*The State of* __ILLINOIS__ *County of* __COOK__

*My Commission expires on* __1/30/2012__



**ILLINOIS**

Jesse White•Secretary of State

© DRIVER'S LICENSE

Lic. No.: L500-2017-0034
DOB: 02-03-70
Expires: 02-03-12
Issued: 04-29-10

Class: D
End: *****
Rest: B
Type: COR

ERIC A LINN

Male 5'07" 150 lbs BRN Eyes

# **Oak Point Partners**

Eric Linn
President

1540 East Dundee Road
Suite 240
Palatine, IL 60074
Direct: (847) 577-1269
Cell: (312) 804-0142
Fax: (847) 655-2746
eric@oakpointpartners.com

## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:  CYNTHIA A. REID    )                **CASE NO. 02-34592**

                       )
         **DEBTOR**       )
_____)

*(FILED stamp: FILED US BANR COURT CLERK WEST'N DIST KENTUCKY 11 AUG -5 AM 8:38)*

### TRUSTEE'S NOTICE OF UNCLAIMED DIVIDENDS - RULE 3011

The undersigned as Chapter 7 Trustee of the captioned estate hereby notices the clerk of the court that the Trustee mailed a dividend distribution to the entities listed below at their last known address, which checks were either returned as undeliverable by the U.S. Post Office or were never negotiated.

By reason of the above and in accordance with Rule 3011 of the Federal Rules of Bankruptcy Procedure, the Trustee encloses estate Check No. 10127 in the sum of $34,708.98 representing the unclaimed dividends of the below-stated creditors.

| Name | Check No. | Amount |
|------|-----------|--------|
| Direct Merchants Bank Cardmember Services PO Box 21550, Tulsa, OK, 74121 | 108 | $12,165.70 |
| Fleet Credit Services PO Box 15368, Wilmington, DE, 19886 | 112 | $ 2,826.61 |
| Conseco Finance Dept. 0008, Palatine, IL, 60055 | 113 | $ 5,595.23 |
| Wells Fargo Financial PO Box 98784, Las Vegas, NV, 89193 | 114 | $11,762.78 |
| Fleet Credit Card Services PO Box 15368, Wilmington, DE, 19886 | 122 | $ 330.30 |
| Conseco Finance Dept 0008, Palatine, IL, 60055 | 123 | $ 653.83 |
| Wells Fargo Financial PO Box 98784, Las Vegas, NV, 89193 | 124 | $ 1,374.53 |
| | | $34,708.98 |



# Oak Point Partners

**1540 E. Dundee Road ♦ Suite 240 ♦ Palatine, IL 60074**

## *Affidavit*

### Re: Unclaimed Property owed to Oak Point Partners, Inc.

The undersigned, Janice A. Alwin, Vice President, General Counsel & Assistant Secretary at Oak Point Partners, Inc., hereby certifies that:

1. Eric A. Linn is President of Oak Point Partners, Inc., and

2. Eric A. Linn has all applicable rights therein to claim property belonging to, and on behalf of, Oak Point Partners, Inc.

Sincerely,

Janice A. Alwin
Vice President,
General Counsel & Assistant Secretary
Oak Point Partners, Inc.

Subscribed and Sworn Before Me This

___3rd___ DAY OF __August__, __2011__

_____
NOTARY PUBLIC

COMMISSION EXPIRES _1/30/2012_

Official Seal
Dee M Bender
Notary Public State of Illinois
My Commission Expires 01/30/2012

Form **W-9**

(Rev. January 2011)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)

Oak Point Partners, Inc.

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification (required): ☐ Individual/sole proprietor  ☐ C Corporation  ☑ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _ _ _ _ _ _ _

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

1540 E. Dundee Road, Suite 240

City, state, and ZIP code

Palatine, IL 60074

Requester's name and address (optional)

List account number(s) here (optional)

Print or type
See Specific Instructions on page 2.

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

| | | | – | | | – | | | | |

Employer identification number

| 3 | 0 | – | 0 | 0 | 0 | 8 | 0 | 9 | 3 |

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

Sign
Here

Signature of
U.S. person ▶ *Geo. A. Lum*

Date ▶ 4/12/11

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 1-2011)

## PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS

THIS PURCHASE AGREEMENT AND ASSIGNMENT OF CLAIMS AND INTERESTS (this "Agreement"), dated as of April 4, 2010 is between the **POST-CONSUMMATION ESTATE OF THE FINANCE COMPANY DEBTORS** ("CFC Post-Consummation Estate" or "Seller") and **OAK POINT PARTNERS, INC.** ("Purchaser").

### WITNESSETH:

**WHEREAS**, Conseco Finance Corp. and certain of its affiliates (the "Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), which cases are jointly administered under Case No. 02-49675 (the "Bankruptcy Case"); and

**WHEREAS**, Seller owns the rights to a claim or claims filed for sales tax refunds from the state of Michigan and any proceeds thereof, net of certain contingency fees (the "Net Sales Tax Refund"); and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the CFC Post-Consummation Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, transferred, encumbered or resolved (the "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically excludes a) cash held at the time of this Agreement by Seller in bank accounts earmarked for distribution to creditors, payment of professional fees, distribution to charity and/or any other purpose; and b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to approval of the Bankruptcy Court, Seller has the power and authority to sell and assign all right, title and interest in and to the Net Sales Tax Refund and Remnant Assets (the Net Sales Tax Refund and Remnant Assets are collectively referred to herein as the "Accounts") to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ payable within 3 business days after approval of this Agreement by the Bankruptcy Court.

2. **Assignment of Accounts.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Accounts only, as well as any and all claims and rights related to the Accounts, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in satisfaction of the Accounts and all amounts, interest, costs due under the Accounts.

3. **Copies of Documentation.** At or before closing, Seller will provide to Purchaser copies of available back-up documentation for the Accounts.

4. **Authority to Sell.** The sale of the Accounts shall be made pursuant to an order of the Bankruptcy Court approving this Agreement.

5. **Payments Received on Accounts.** Seller further agrees that any payments received by Seller on account of any Accounts shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's offices set forth below. Seller agrees to forward to Purchaser all notices received with respect to any Accounts assigned herein and to take such action with respect to the Accounts, as Purchaser may from time to time reasonably request. Notwithstanding the foregoing or anything herein to the contrary, any amounts received by Purchaser in excess of $100,000 shall be paid 30% to charitable organizations of which 15% is allocated by the Purchaser and 15% allocated by the Seller as listed in Appendix A and 70% to Purchaser.

6. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that a) Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Accounts as is set forth in this Agreement; and b) the Accounts are held by Seller free of any liens or other encumbrances.
EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE ACCOUNTS TO THE PURCHASER "__AS IS, WHERE IS__" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

7. **Mail Forwarding.** To the extent that the Seller utilizes a dedicated P.O. Box or other mailing address which receives mail exclusively for the CFC Post-Consummation Estate (and not also for other unrelated entities or persons), then Seller agrees that subsequent to the closing of the Bankruptcy Case and when all work has been wrapped up for the CFC Post-Consummation Estate, the Seller or a representative will file a change of address form with the U.S. Postal Service so mail sent to such dedicated address for the CFC Post-Consummation Estate will be forwarded by the U.S. Postal Service to Purchaser's P.O. Box. If requested by the Seller or its representatives, Purchaser will agree to monitor incoming mail and to use its reasonable efforts to forward to the Seller or its representatives such mail that Purchaser believes may require the attention of the Seller or its representatives.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Accounts, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Accounts herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Accounts and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the

2

internal laws of the State of Illinois, without giving effect to choice of law principles of the State of Illinois.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, INC.**

By: _~~Eric A. Linn~~_
Name: ERIC LINN
Its:    President

Address *(for regular mail and mail forwarding)*: PO Box 8338, Rolling Meadows, IL 60008
Address *(for overnight delivery)*: 1540 E. Dundee Rd., Suite 240, Palatine, IL 60074
tel (847) 577-1269        fax (847) 655-2746

**POST-CONSUMMATION ESTATE OF THE FINANCE COMPANY DEBTORS**

By: _David Phelps_
Name: DAVID PHELPS
Its:    Conseco Finance Corp
          Plan Administrator
Address:
          25 E. Washington
          Suite 1320
          Chicago, IL 60607
Attention:
tel (    )              fax (    )

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Conseco Finance Corp., | ) | Case No. 02-49675 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Green Tree Residual Finance Corp. I, | ) | Case No. 03-23655 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |

### ORDER GRANTING MOTION OF THE POST-CONSUMMATION ESTATE OF THE FINANCE COMPANY DEBTORS FOR ENTRY OF A FINAL DECREE AND ORDER (A) CLOSING THE CONSECO FINANCE CORP. AND GREEN TREE RESIDUAL FINANCE CORP. I CHAPTER 11 CASES; (B) AUTHORIZING THE PLAN ADMINISTRATOR TO TAKE ALL NECESSARY ACTIONS TO CLOSE AND TERMINATE THE CFC POST-CONSUMMATION ESTATE, INCLUDING (I) ENTERING INTO A CERTAIN PURCHASE AGREEMENT WITH OAK POINT PARTNERS, INC. FOR THE SALE OF REMNANT ASSETS, (II) AUTHORIZING THE FILING OF FINAL TAX RETURNS, PAYMENT OF ADMINISTRATIVE COSTS AND DESTRUCTION OF RECORDS AND (III) AUTHORIZING THE DISTRIBUTION OF ANY REMAINING FUNDS, AFTER PAYMENT OF ADMINISTRATIVE COSTS, TO CERTAIN CHARITABLE ORGANIZATIONS; (C) APPROVING RELEASE AND EXCULPATION IN FAVOR OF THE PLAN ADMINISTRATOR, ADVISORY BOARD AND THEIR RESPECTIVE REPRESENTATIVES; AND (D) APPROVING SHORTENED AND LIMITED NOTICE OF THE MOTION

Upon the motion (the "**Motion**")[1] of Bridge Associates, LLC ("**Bridge**"), as plan administrator (the "**Plan Administrator**") of the Post-Consummation Estate for the Finance Company Debtors (the "**CFC Post-Consummation Estate**"), pursuant to Sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of a final decree and order (a) closing the Conseco Finance Corp. and Green Tree Residual Finance Corp. 1 Chapter 11 cases; (b) authorizing the Plan Administrator to take all necessary actions to close and terminate the CFC Post-Consummation Estate, including (i) entering into a certain purchase agreement with Oak Point Partners, Inc. for the sale of Remnant Assets, (ii) authorizing the filing of final tax returns, payment of administrative costs (including, without limitation, payment of any fees due and owing to the Office of the United States Trustee) and destruction of records and (iii) authorizing the distribution of any remaining funds, after payment of administrative costs, to certain charitable organizations; (c) approving Exculpation in favor of the Plan Administrator, Advisory Board and their respective representatives; and (d) approving shortened and limited notice of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been given; and it appearing that no other notice of the Motion need be provided; and a hearing on the matter having been held on April 29, 2010 (the "**Hearing**"); and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the CFC Post-Consummation Estate has been fully administered and the Plan has been substantially consummated and, therefore, pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Conseco Finance Corp. Chapter 11 case (Case No. 02-49675) and the Green Tree Residual Finance Corp. I Chapter 11 case (Case No. 03-23655) may be closed; and it is further

ORDERED that the Clerk of the Court is directed to mark the Conseco Finance Corp. and the Green Tree Residual Finance Corp I Chapter 11 cases as "closed"; and it is further

ORDERED that the Plan Administrator is authorized to take all necessary actions to close and terminate the CFC Post-Consummation Estate, including, without limitation filing final tax returns and paying any administrative costs, including, without limitation, any fees due and owing to the Office of the United States Trustee, and it is further

ORDERED that each and every term of the Oak Point Agreement is approved, and the Plan Administrator is authorized to enter into the Oak Point Agreement; and it is further

ORDERED that the Plan Administrator shall store any and all records of the CFC Post-Consummation Estate to and including December 31, 2010, is authorized to destroy all records of the CFC Post-Consummation Estate after December 31, 2010 and shall pre-fund any and all costs associated with such record storage and destruction; and it is further

ORDERED that the Plan Administrator is authorized to and shall disburse any remaining funds of the CFC Post-Consummation Estate, after payment of all

3
CHI 59,419,932v4 5-6-10

administrative costs (including any fees due and owing to the Office of the United States Trustee), to those charitable organizations set forth on Exhibit A hereto and in the amounts set forth on Exhibit A; and it is further

ORDERED that the Exculpation provisions of the CFC Post Consummation Estate Agreement in favor of the Plan Administrator, Advisory Board and their respective representatives shall continue in full force and effect, notwithstanding the closing of this Chapter 11 case; and it is further

ORDERED that the one member Advisory Board shall be deemed to have acted properly in approving the filing of the Motion and the requests set forth therein, and such actions are hereby ratified and approved; and its is further

ORDERED that to the extent that the CFC Estate Agreement requires that the Advisory Board consist of more then one member, such requirement is hereby waived; and it is further

ORDERED that the shortened and limited notice of the Motion is approved; and it is further

ORDERED that the notice requirements of Local Rule 3022-1 are waived.

Dated: May 7, 2010

Carol A. Doyle
THE HONORABLE CAROL A. DOYLE
UNITED STATES BANKRUPTCY JUDGE

4
CHI 59,419,932v4 5-6-10

## EXHIBIT A

## (LIST OF CHARITABLE ORGANIZATIONS)

| Name of Charitable Organization | Proposed Distribution |
|---|---|
| The Anthony H.N. Schnelling Endowment Fund | $100,000 |
| Chicago Bar Foundation-Bankruptcy Pro Bono Projects Fund | Any remaining funds |



**Department of the Treasury**
**Internal Revenue Service**
**Ogden, UT 84201**

In reply refer to:  0444870840
Dec 12, 2008      LTR 147C
30-0008093

OAK POINT PARTNERS INC
1540 E DUNDEE RD STE 240
PALATINE       IL 60074-8320 659

Taxpayer Identification Number: 30-0008093
Form(s):

Dear Taxpayer:

This letter is in response to your telephone inquiry of December 12th, 2008.

Your Employer Identification Number (EIN) is 30-0008093. Please keep this number in your permanent records. You should enter your name and your EIN, exactly as shown above, on all business federal tax forms that require its use, and on any related correspondence documents.

If you have any questions regarding this letter, please call our Customer Service Department at 1-800-829-0115 between the hours of 7:00 AM and 10:00 PM. If you prefer, you may write to us at the address shown at the top of the first page of this letter. When you write, please include a telephone number where you may be reached and the best time to call.

Sincerely,

Pamela Hales
143882
Accounts Management

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | )   **Chapter 11** |
| | ) |
| Conseco Finance Corp., et al.,[1] | ) |
| | )   **Case No. 02–49675** |
| Debtors. | )   **Honorable Carol A. Doyle** |
| | )   **(Jointly Administered)** |
| | ) |

NOTICE OF (I) CONFIRMATION AND (II) DEADLINE FOR FILING (A) FINAL FEE APPLICATIONS
AND (B) REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS AGAINST
THE FINANCE COMPANY DEBTORS

**NOTICE IS HEREBY GIVEN THAT:**

**Confirmation of the Plan.** On September 9, 2003, (the "Confirmation Date") the Court entered an order confirming the Finance Company Debtors' Sixth Amended Joint Liquidating Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). The Plan, the Plan Supplement and the Confirmation Order bind (i) the Finance Company Debtors, (ii) the Post-Consummation Estate, and the Plan Administrator on behalf of the Post-Consummation Estate, (iii) all Holders of Claims against and Interests in any Finance Company Debtor, regardless of whether such Holders are impaired under the Plan and, if so impaired, whether such Holders accepted or rejected, or are deemed to have accepted or rejected, the Plan, (iv) each Person acquiring property under the Plan, (v) all non-Finance Company Debtor parties to executory contracts and unexpired leases with any Finance Company Debtor, (vi) all Entities party to, or subject to, the settlements, compromises, releases, discharges, and injunctions described in the Plan or the Confirmation Order, and (vii) each of the respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, of each of the foregoing.

**To obtain a copy of the Plan or the Confirmation Order, please contact Bankruptcy Management Corporation at 1-888-909-0100 or visit www.bmccorp.net/conseco.**

**Anticipated Effective Date.** The Finance Company Debtors' Plan became Effective on Monday, September 15, 2003, at 4:00 p.m., CT (the "Effective Date").

---

[1] The Finance Company Debtors comprise the following entities: (i) Conseco Finance Corp. and Conseco Finance Servicing Corp. (collectively, the "Initial Finance Company Debtors"), (ii) Conseco Finance Corp. - Alabama, Conseco Finance Credit Corp., Conseco Finance Consumer Discount Company, Conseco Finance Canada Holding Company, Conseco Finance Canada Company, Conseco Finance Loan Company, Rice Park Properties Corporation, Landmark Manufactured Housing, Inc., Conseco Finance Net Interest Margin Finance Corp. I, Conseco Finance Net Interest Margin Finance Corp. II, Green Tree Finance Corp. - Two, Conseco Agency of Nevada, Inc., Conseco Agency of New York, Inc., Green Tree Floorplan Funding Corp., Conseco Agency, Inc., Conseco Agency of Alabama, Inc., Conseco Agency of Kentucky, Inc., and Crum-Reed General Agency, Inc. (collectively, the "CFC Subsidiary Debtors"), (iii) Green Tree Finance Corp. - Five and Green Tree Residual Finance Corp. I (collectively, the "New Filing Entities") and (iv) Conseco Finance Credit Card Funding Corp. ("CFCCFC," together with the Initial Finance Company Debtors, the CFC Subsidiary Debtors, and the New Filing Entities, the "Finance Company Debtors").

**Claims Objection Deadline.** The Plan Administrator, on behalf of the Post-Consummation Estate, shall have the exclusive right to object to Claims for one year from the Effective Date, *provided, however*, that the Plan Administrator shall have the right to seek an extension of the Claims Objection Deadline.

**Fee Applications of Professionals.** Any professional seeking an allowance for compensation or reimbursement of expenses pursuant to sections 327, 328, 330 or 1103 of the Bankruptcy Code shall, on or before 4:00 p.m., CT, October 9, 2003, file with this Court and serve on the following entities a final application for professional fees and expenses:

| Bankruptcy Counsel to the Debtors and Counsel to the Post-Consummation Estate<br>Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Attn: Anup Sathy, Esq.<br>and Roger Higgins, Esq. | The Office of the United States Trustee<br>227 West Monroe St.<br>Suite 3350<br>Chicago, Il. 60606<br>Attn: Richard Friedman, Esq. and<br>Gretchen Silver, Esq. |
| --- | --- |
| Counsel to the Creditors' Committee<br>Greenberg Traurig, P.C.<br>77 West Wacker Drive, Suite 2500<br>Chicago, Illinois 60601<br>Attn: Nancy Mitchell, Esq. | The Plan Administrator<br>Anthony H. N. Schnelling<br>Bridge Associates LLC<br>747 Third Avenue, Suite 32A<br>New York, NY 10017 |

**Executory Contracts and Unexpired Leases.** Any executory contracts or unexpired leases that have not expired by their own terms on or prior to the Effective Date, which the Finance Company Debtors have not assumed and assigned or rejected with the approval of the Bankruptcy Court (whether as part of the Sale Transactions or otherwise), or that are not the subject of a motion to assume the same pending as of the Effective Date, shall be deemed rejected by the Finance Company Debtors on the Effective Date. The executory contracts assumed in connection with the Sale Transactions are detailed in each of the relevant Asset Purchase Agreements, available electronically at www.bmccorp.net/conseco.

**Rejection Damages Bar Date.** If the rejection of an executory contract or unexpired lease pursuant to Plan Consummation results in damages to the other party or parties to such contract or lease, any Claim for such damages, if not heretofore evidenced by a Proof of Claim that has been Filed, shall be forever barred and shall not be enforceable against the Finance Company Debtors, the Post-Consummation Estate, or their properties, successors or assigns, unless a Proof of Claim is Filed and served upon counsel to the Post-Consummation Estate and Bankruptcy Management Corp. on or before thirty (30) days after the later to occur of (i) the Effective Date; and (ii) the date of entry of an order by the Bankruptcy Court authorizing rejection of a particular executory contract or unexpired lease.

**Administrative Claims Bar Date.** The Court has fixed November 10, 2003 at 4:00 p.m. (central time) as the date (the "Administrative Claims Bar Date") by which all entities, including individuals, partnerships, corporations, estates, trusts and governmental units, as defined by 11 U.S.C. § 101(27), holding Administrative Claims (as defined below) against the Finance Company Debtors arising from and after December 17, 2002, through and including the Confirmation Date, must file a request for allowance of such Administrative Claims. Any person who asserts such an Administrative Claim and wishes to have such Administrative Claim allowed by the Court and paid by Finance Company Debtors must file a request for allowance of such Administrative Claim with Bankruptcy Management Corporation at the following address.

**If by courier/hand deliver:**
Bankruptcy Management Corp.
Attn: Conseco Finance, Inc. Claims Agent
1330 E. Franklin Avenue
El Segundo, CA 90245

**or, if by mail:**
Bankruptcy Management Corp.
Attn: Conseco Finance, Inc. Claims Agent



**Bridge**

## David N. Phelps

**Lead Co-Managing Member**

David N. Phelps is a Managing Director with Bridge Associates, LLC. He joined Bridge in 2002. Mr. Phelps has nearly 30 years of extensive experience in strategy, operational and financial restructuring and mergers and acquisitions.

### Representative Matters

**TEL:** (312) 795-3094
**TEL:** (219) 241-0701
**FAX:** (877) 349-1988
dphelps@bridgellc.com

**EDUCATION**

- Indiana University (B.S.)
- Certified Public Accountant (CPA)

**CLIENT ENGAGEMENTS**

- Brill Media Management, Inc.
- Conseco Finance Corporation
- Level Propane Gases, Inc.

**Publications & Presentations**

- Closely held company issues



- Currently, Mr. Phelps serves as Chief Restructuring Officer and leads the Bridge team serving as bankruptcy restructuring advisor to **Provident Royalties, LLC**, an acquirer and investor in both producing and non-producing leasehold and mineral interests across the United States.
- Co-heads Bridge's Interim Management Team at **International Wire Group** and provides direction and operational implementation as the Company addresses the strategic direction it wishes to take with its insulated wire division.
- Serves as Chief Restructuring Advisor to **Torch Offshore, Inc.**, a offshore oil field construction company with $70 million in annual revenues.
- Member of the Bridge Crisis Management for **Wickes Inc.**, a $450 million annual revenue supplier of building materials to the construction and home building industry. In that role, Mr. Phelps headed the Operations and M&A team.
- Co head of the Bridge Crisis Management Team for **Conseco Finance Corporation**, a sub-prime lender and servicer of mortgage portfolios with assets of approximately $25 billion. In that role, Mr. Phelps was responsible for evaluating and monitoring the sale of substantially all operating assets for in excess of $1.3 billion.
- Member of Bridge's Bankruptcy Advisory Team for **Brill Media**, a media holding company which owned approximately 12 radio stations and published 54 local newspaper and buyer guides before its Chapter 11 filing in 2002.
- Headed the Bridge Wind Down Team for **TransCom USA**, a $300 million (pre-petition) heavy duty truck parts distributor roll-up.

### PRIOR EXPERIENCE

Prior to joining Bridge, Mr. Phelps was Chief Financial Officer and a Member of the Board of Directors for **TransCom USA**, where he was responsible for financial management, financial reporting, information technology and human resources. In this capacity he worked closely with the Bridge Crisis Management and Bankruptcy Advisory team hired to lead TransCom through its Chapter 11 bankruptcy. Together Mr. Phelps and the Bridge team closed 17 sale transactions in six months through the section 363 bankruptcy auction process.

Mr. Phelps also served as Executive Vice President and Chief Financial Officer of Phelps Holding, Inc., a group of privately owned companies in specialty distribution of transportation components, real estate, manufacturing and truck equipment sales and installation. During more than 25 years with Phelps Holding, he participated in the acquisition of several companies through the bankruptcy process.

United States Bankruptcy Court
Northern District of Illinois

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States
Bankruptcy Code, entered on 12/17/2002 at 12:00 AM and filed on 12/17/2002.

**Conseco Finance Corp**
1100 Landmark Towers, 345 St Peter
Saint Paul, MN 55102-1639
Tax ID / EIN: 41-1807858

The case was filed by the debtor's attorney:

**James Sprayregen**
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
312 862-2481

The case was assigned case number 02-49675 to Judge Carol A. Doyle .

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the
debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request
the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you
may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home
page http://www.ilnb.uscourts.gov/ or at the Clerk's Office, Eastern Division, 219 S Dearborn, 7th Floor, Chicago, IL 60604.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Kenneth S. Gardner**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/20/2011 10:40:27 | | |
| **PACER Login:** | op0125 | **Client Code:** | conseco |
| **Description:** | Notice of Filing | **Search Criteria:** | 02-49675 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

FILED
US BANR COURT CLERK
WEST'N DIST KENTUCKY
11 AUG -5 AM 8:39

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case # **02-34592** |
| **CYNTHIA A. REID** | ) | Chapter **7** |
| | ) | |
| Debtor(s) | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Motion to Disburse Unclaimed Funds of Oak Point Partners, Inc. was served upon the party below, via first-class mail, on August 3rd , 20 11 :

The United States Attorney for the
Western District of Kentucky
Bank of Louisville Building
510 West Broadway
Louisville, KY 40202

Respectfully Submitted,

Dated: 8/3/11

By: _Eric A. Linn_
Eric A. Linn, President
Oak Point Partners, Inc.
1540 E. Dundee Rd., Suite 240
Palatine, IL 60074